3/20/2020 9:51 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 41812538
By: Alize Herrera
Filed: 3/20/2020 9:51 AM

*2020-18392 / Court: 333*

CAUSE NO. _____

| | | |
|---|---|---|
| INTERACTIVE ENTERPRISES LLC, § | | IN THE DISTRICT COURT |
|     PLAINTIFF § | | |
| § | | |
| VS. § | | |
| § | | ____ JUDICIAL DISTRICT |
| GEOVERA ADVANTAGE, INSURANCE § | | |
| SERVICES, INC. § | | |
|     DEFENDANT § | | HARRIS COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, INTERACTIVE ENTERPRISES LLC, PLAINTIFF, in the above-entitled and numbered cause, filing this claim against GEOVERA ADVANTAGE, INSURANCE SERVICES, INC., and for causes of action and grounds for relief would respectfully show the following:

### I. DISCOVERY CONTROL PLAN

1. Discovery in this matter is intended to be conducted under Level 2 of TEXAS RULE OF CIVIL PROCEDURE 190.3.

### II. PARTIES

2. PLAINTIFF, INTERACTIVE ENTERPRISES LLC, is a resident of Harris County, Texas.

3. DEFENDANT, GEOVERA ADVANTAGE, INSURANCE SERVICES, INC., is a corporation that can be served through its registered agent, Corporation Service Corporation, BBACS-Lawyers Incorporation Service Company, 211 East 71st Street, Suite 620, Austin, Texas 78701.

*Original Petition*

1 | P a g e

EXHIBIT 2

## III. JURISDICTION AND VENUE

4. **PLAINTIFF** is a resident of Harris County, Texas. Additionally, all or a substantial part of the actions, events, and/or omissions giving rise to this cause of action occurred in Harris County, Texas. The property made the subject of this suit is located in Harris County, Texas. Therefore, pursuant to Civil Practice & Remedies Code Section 15.002(a)(1) and 15.0002(a)(2), venue is proper in Harris County, Texas.

5. Jurisdiction is proper in the District Court of Harris County, Texas because this matter involves an amount in excess of the minimum jurisdictional limits of this Court and involves issues in controversy that are within the jurisdiction of this Court.

## IV. NOTICE AND CONDITIONS PRECENDENT

8. All conditions precedent necessary to maintain this action have been performed, have occurred, have been waived, or are excused.

## V. BACKGROUND FACTS

9. Plaintiff obtained and paid for an insurance policy with Defendant for the property located at 1605 Potomac, Unit D, Houston, Texas 77057. This policy is under the number HL18011525. This property is used as rental property. Under the terms of the policy, Plaintiff is entitled to reimbursement for costs incurred to the property due to damages caused by renters in the property.

10. Plaintiff entered into a written lease agreement with a tenant on July 28, 2018 through July 27, 2019. The tenant did break the lease agreement, not paying rent, and then abandoned the property. Plaintiff had to obtain a writ of possession after receiving and order of eviction from the JP Court in Harris County. When Plaintiff

entered into the property, there was trash throughout the house, piling up the wall, almost halfway to the ceiling. As Plaintiff had to obtain a writ of possession, as well as a writ of eviction, he was unable to enter the property as the tenant had legal right to the property until a court order was issued finding the tenant in breach of the contract. The property sat vacant with the debris for some time. The debris was wet and caused multiple issues with the property, including but not limited to mold, damage to the dry wall, damage to the flooring, damage to the framing of the house, damage to appliances, and other damages of which Plaintiff made a claim to Defendant for payment. Plaintiff further had to pay to have the debris hauled off from the property.

11. Defendant is denying coverage for the repairs.

## VI. CAUSES OF ACTION

### A. BREACH OF CONTRACT

12. PLAINTIFF incorporates by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

13. PLAINTIFF has a valid and enforceable contract with Defendant.

14. Defendants have breached the contract and failed to pay for the damages done to the Plaintiff's property by Defendant.

15. Due to Defendant's individual and joint breach of contract, Plaintiff has suffered economic damages as detailed herein, in a minimum amount of **$218,209.86**. The damages suffered by Plaintiff are not liquidated, but are within the jurisdictional limits of this Court.

16. As a result of Defendant's, Plaintiff has suffered damages and other expenses as detailed herein, including the investigation and prosecution of this action, for which Plaintiff seeks attorneys' fees.

B. **COMMON LAW FRAUD, NEGLIGENCE AND MISREPRESENTATIONS**

17. PLAINTIFF incorporates by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

18. The elements of a cause of action for fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Defendant made material representations that the damages to the house would be covered when he entered into the insurance agreement with the Defendant.

19. The elements of a negligence cause of action are: (1) The defendant owed a legal duty to the plaintiff, (2) The defendant breached that duty, and (3) The breach was a proximate cause of the plaintiff's personal injury or property damages. (*See D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex.2002). The existence of a duty owed is a threshold consideration for a negligence claim. In this case, the Defendant owed a duty to abide by the terms of the insurance policy and reimburse and cover all damages to the property.

20. Defendant caused injury to the Plaintiff and it was foreseeable that if Defendants did not reimburse for all the damages, it would cause economic harm to the Plaintiff. There is a general common law duty for everyone to exercise reasonable care to avoid foreseeable injury to others. (See, <u>El Chico Corp. v. Poole</u>, 732 S.W.2d 306, 311 (Tex.1987).

21. PLAINTIFF has suffered injury and damages due to the fraud and misrepresentations of Defendant.

### C. COMMON LAW FRAUD, NEGLIGENCE AND MISREPRESENTATIONS

22. PLAINTIFF incorporates by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

23. DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.030(a). All violations under this article are actionable by TEX. INS. CODE § 541.151.

24. DEFENDANT'S unfair settlement practices of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(1).

25. DEFENDANT'S unfair settlement practices of failing to attempt in good faith to make a prompt, fair and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes and unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

26. DEFENDANT'S unfair settlement practices of failing to provide Plaintiff with a prompt and reasonable explanation of the basis of the Policy, in relation to the facts or applicable law, for underpayment and the denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

27. DEFENDANT'S unfair settlement of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(7).

### D. NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

28. DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt payment of claims. All violations made under this article are actionable under TEX. INS. CODE § 541.060(a)(7).

29. DEFENDANT'S delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.058.

### E. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30. DEFENDANT'S conduct constitutes breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

31. DEFENDANT'S conduct constitutes failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Defendant knew or should have

known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### F.   DTPA VIOLATIONS

32.   **PLAINTIFF** incorporates by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action.

33.   **DEFENDANT'S** conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17-41-63. Plaintiffs are consumers of good and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

A.   Defendant's acts, omissions, failures, and conduct, have violated sections 17.46(b)92), (5), (7), (9), (12), (20) and (24) of the DTPA. Defendant's violations include (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims; (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to reimburse for the proper repair of Plaintiff's property, objecting to the same, which gives Plaintiff's the right to recover under section 17.46(b)(2).

B.   Defendant represented to Plaintiff's that the Policy and adjusting services were of particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

C. Defendant advertised the Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Defendant's actions are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduce give Plaintiff's a right to relief under section 17.50(a)(3) of the DTPA

e. Defendant's actions are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduce give Plaintiff's a right to relief under section 17.50(a)(3) of the DTPA

34. each of the above described acts, omissions, and failures of the Defendant is a producing cause of Plaintiff's damages. All of the Defendants acts, omissions, and failures were committed "knowingly" and intentionally" as defined by the Teas Deceptive Trade Practices Act.

### G. PUNITIVE DAMAGES

34. PLAINTIFF incorporates by reference each of the preceding paragraphs of this pleading into the allegations relating to this cause of action

35. The actions of Defendant are in bad faith causing excessive damages to Plaintiff.

36. Defendant should be punished in an amount to stop such bad faith actions.

## VII. REQUEST FOR DISCLOSURES

37. Pursuant to Rule 194 of the TRCP, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## VIII. ATTORNEY'S FEES

38. Plaintiff has incurred attorney's fees in having to not only defend but pursue this matter and is requesting said attorney's fees be reimbursed by the court.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, INTERACTIVE ENTERPRISES LLC, prays that Defendants individually and jointly be cited to appear and answer herein and that upon hearing and trial of this matter that PLAINTIFF, INTERACTIVE ENTERPRISES LLC, have a judgment against Defendant for all cause of action claimed herein, including actual and consequential damages, punitive damages, attorney's fees, pre-judgment and post-judgment interest at the maximum lawful rate, costs or court, and any such other and further relief, at law or in equity, to which PLAINTIFF, INTERACTIVE ENTERPRISES LLC, may be justly entitled.

Respectfully submitted,

/s/ Colleen M. McClure
COLLEEN M. MCCLURE
TBN. 24012121
KEITH NGUYEN
SBN: 24062919
4201 Cypress Creek Parkway
Houston, TX 77575
Telephone: (281) 440-1625

Facsimile: (281) 440-1693
colleen.mcclure@att.net
Krnlawfirm@gmail.com

**COUNSEL FOR PLAINTIFF**